815 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John AMES, Trustee of Glover Construction Company, Inc.,
Glover Contracting Company, Inc., Glover
Construction Company, Inc.,
Intervenors-Plaintiffs- Appellants,
American States Insurance Company, Plaintiff,
Robert Glover & Evelyn Glover, Defendants-Appellants,
v.
NORTH AMERICAN REINSURANCE CORPORATION, Munich American
Reassurance Company, and Employers Reinsurance
Corporation, Defendants-Appellees.
 Nos. 85-6101, 86-5584.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1987.
 
 Before LIVELY, Chief Judge, RYAN, Circuit Judge, and PORTER, District Judge.*
 PER CURIAM.
 
 
 1
 These consolidated appeals arose out of the bankruptcy of three corporations engaged in the construction business and wholly owned by Robert and Evelyn Glover. The construction companies obtained performance bonds for two projects, one in Indiana and one in Kentucky, from American States Insurance Company. Robert and Evelyn Glover personally indemnified American States for the performance bonds provided to their companies. American States, following the custom of the industry, ceded a portion of the risk of the performance bonds to reinsurance companies who are the defendants-appellees in this court. Eventually the construction companies defaulted on both construction projects and instituted Chapter 11 proceedings in the Bankruptcy Court for the Western District of Kentucky. Eventually these proceedings were converted to Chapter 7 bankruptcy involving liquidation.
 
 
 2
 The present litigation began when American States filed suit against Robert Glover and Evelyn Glover on their indemnification agreements. The Glovers filed an answer and counter-claim and the Glover companies and the trustee in bankruptcy for the Glover companies were permitted to intervene. The district court permitted the Glovers and the intervenors to amend their original pleadings to add the reinsurance companies as additional defendants on the Glovers' counter-claim and the claims of the intervenors. After the pleadings were filed the reinsurance companies made a motion to dismiss the counter-claim of Robert and Evelyn Glover and the second amended complaint of the intervenors for failure to state a claim upon which relief could be granted. While this motion was pending the intervenors sought leave to file a joint third amended complaint and the Glovers sought leave to file a second amended counter-claim.
 
 
 3
 After consideration the district court dismissed the second amended complaint of the intervenors for failure to state a claim and denied them leave to file a third amended complaint. Subsequently, the district court dismissed the Glovers' counter-claim for failure to state a claim upon which relief could be granted and denied their motion to file a second amended counter-claim. The Glovers and the intervenors have appealed these orders of dismissal.
 
 
 4
 Rule 8(a), Fed.R.Civ.P., provides, "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The pleadings filed and tendered by the defendants-appellants and the intervenors-plaintiffs-appellants in this case clearly violate Rule 8(a)(2). The pleadings are filled with conclusory allegations that do not afford notice to the court or to the opposing parties of the legal nature of the claims or of the basis upon which relief could be granted. They are filled with general references to recognized causes of action, but do not provide the information contemplated and required by Rule 8(a). The flaw in the pleadings is not a failure to plead facts, for the simplified notice pleading requirements of the Federal Rules of Civil Procedure do not require an elaborate statement of facts. Conley v. Gibson, 355 U.S. 41, 47 (1957). The problem with the pleadings is that every allegation which is arguably sufficient to state a claim for relief concerns alleged conduct of American States Insurance Company, not the reinsurance companies. Typically, the pleadings set forth in some detail allegations of misconduct by American States Insurance Company without any reference to the reinsurance companies except in the prayer for relief which seeks relief against both American States Insurance Company and the reinsurance companies. Merely including a party in the prayer for relief when relief is based on the alleged conduct of a different party is not sufficient to state a claim for relief.
 
 
 5
 The district court examined the claims for relief in the second amended complaint and the counter-claim and concluded that neither pleading stated a claim upon which relief could be granted. We also have carefully examined these pleadings and conclude that the district court properly determined that the motion to dismiss should be granted. Further, we find no abuse of discretion in the district court's denial of the motions to file additional amended pleadings. This suit was originally filed on April 22, 1983, the order granting leave to file the second amended complaint and amended answer and counter-claim was entered on July 3, 1985 and the order dismissing the second amended complaint and denying leave to file a third amended complaint was entered on November 5, 1985. The order dismissing the Glovers' counter-claim and denying leave to amend the counter-claim was entered on May 9, 1986. Thus, the district court had the case before it for more than two years at the time it denied the motions for additional amendments to the pleadings. Our examination of the tendered amendments convinces us that their sole purpose was to add the names of the reinsurance companies to that of American States Insurance Company without any attempt to state the basis upon which the reinsurance companies should be held liable. The district court was fully justified in denying the amendments and entering final judgment in favor of the reinsurance companies.
 
 
 6
 The judgment of the district court is affirmed for the reasons set forth in the various memoranda filed by the district court in ruling on the motions which resulted in dismissal of the claims of the Glovers and the Glover intervenors.
 
 
 
 *
 The Honorable David Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation